## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Nathan Wersal,                                          Civil No. 13-381 (DWF/FLN)

                Plaintiff,

v.                                                      **MEMORANDUM**
                                                        **OPINION AND ORDER**
LivingSocial, Inc.,

                Defendant.

---

Paul R. Hansmeier, Esq., Class Action Justice Institute LLC, counsel for Plaintiff.

Robert J. Gilbertson, Esq., and Janine A. Wetzel, Esq., Greene Espel PLLP, counsel for Defendant.

---

### INTRODUCTION

This matter is before the Court on a Motion to Dismiss Plaintiff's First Amended Complaint brought by Defendant LivingSocial, Inc. ("LivingSocial") (Doc. No. 7), and a Motion to Strike the Affidavit of Ben Getson brought by Plaintiff Nathan Wersal ("Wersal") (Doc. No. 13).  For the reasons set forth below, the Court grants the motion to dismiss and denies the motion to strike as moot.

### BACKGROUND

LivingSocial creates deals by partnering with local businesses and offering discounted vouchers for the businesses' goods or services through e-mails it sends to its subscribers.  (Doc. No. 6, First. Am. Compl. ("Am. Compl.") ¶¶ 2-3, 19.)  In February

2011, Wersal received an e-mail from LivingSocial advertising a deal with Kafe 421, a restaurant in Minneapolis.  (*Id*. ¶ 34.)  On February 8, 2011, Wersal purchased the advertised deal for $15, in exchange for a $30 voucher to spend on food and drink at Kafe 421.  (*Id*. ¶¶ 38-39, Ex. 3.)  Wersal received an e-mail voucher from LivingSocial which stated "Expiration:  February 8, 2012," and incorporated LivingSocial's terms and conditions, including that:  "The prepaid portion of the voucher will not expire in states and provinces where it is prohibited by law."  (*Id*. ¶ 45 & Ex. 6.)  Wersal claims that he was "unable to redeem the gift certificate prior to its expiration on February 8, 2012."  (*Id*. ¶ 47.)  Wersal does not, however, allege that he ever attempted to redeem the voucher at Kafe 421, or that Kafe 421 failed to honor it.

Wersal commenced a civil action in Minnesota State Court.  (Doc. No. 1, Ex. 1.)  LivingSocial removed the action to this Court.  (Doc. No. 1.)  Wersal then filed a First Amended Complaint, in which he asserts five causes of action:  (1) Violations of the Credit Card Accountability Responsibility and Disclosure Act and Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq*.; (2) Violations of the Minnesota Gift Certificate Statute ("MGCS"), Minn. Stat. § 325G.53; (3) Violations of Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.43, *et seq*.; (4) Quasi-Contract/Restitution/Unjust Enrichment; and (5) Declaratory and Injunctive Relief.  (Am. Compl. ¶¶ 50-84.)  LivingSocial now moves to dismiss all of Wersal's

claims or, in the alternative, to transfer this action to the District of Columbia.  The Court

considers the motion to dismiss below.[1]

## DISCUSSION

### I.      Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986) (citations omitted).  In doing so, however, a court need not accept as true

wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799,

805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.

*Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider

the complaint, matters of public record, orders, materials embraced by the complaint, and

exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations

omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

547 (2007).  Although a complaint need not contain "detailed factual allegations," it must

---

[1]      Wersal moves to strike the affidavit of Ben Getson.  (Doc. No. 13.)  The motion to strike is related to LivingSocial's alternative request that this action be transferred to the District of Columbia.  Because the Court dismisses Wersal's Amended Complaint, as explained below, the Court does not consider the motion to transfer and denies the motion to strike as moot.

contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.   Standing

A federal court's subject matter jurisdiction is limited to actual cases and controversies.  *McClain v. Am. Econ. Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005).  The Supreme Court of the United States has explained that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (internal quotation omitted).  Article III standing enforces the case-or-controversy requirement.  *Id*. at 342 (citation omitted).  To establish "the irreducible constitutional minimum of standing" under Article III, a plaintiff must show that:  (1) he has suffered an injury in fact (that is concrete and particularized); (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable decision will redress the injury.  *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted); *Nat'l Fed'n of Blind of Mo. v. Cross*, 184 F.3d 973, 979 (8th Cir. 1999).

At the heart of Wersal's claims is the allegation that LivingSocial's use of an expiration date on the promotional value[2] of the Kafe 421 voucher violates both federal and state law. LivingSocial argues, however, that Wersal has not sufficiently pled an injury because Wersal does not allege that he ever attempted (and was not allowed) to redeem the voucher. Wersal disagrees and argues that he has standing because he alleges economic loss suffered by the unlawful expiration of the voucher's promotional value. In particular, Wersal argues that he paid $15 for $30 worth of food and that any diminishment in the full benefit (through the expiration of the promotional value) constitutes an injury-in-fact.

Wersal claims that he can no longer redeem the full $30 printed on the voucher, however, his Amended Complaint does not plead that fact. Wersal has not pled that he attempted to use the voucher or that his attempt was rejected.[3] The failure to plead that LivingSocial or Kafe 421 enforced the allegedly improper term of expiration in the voucher is fatal to all of Wersal's claims. Wersal must plead an injury-in-fact and a causal nexus between the alleged injury and the wrongful conduct. While Wersal asserts that he was "deprived of the full use and benefit of his money," his allegations fall short as he has not pled any facts to suggest that he attempted and was unable to use his voucher.

---

[2]     Here, the promotional value is the difference between the $30 value for which the voucher was valid until the expiration date, and the $15 Wersal paid for the voucher. Wersal does not dispute that the $15 value for the paid portion did not expire.

[3]     Nor has he alleged that he asked for a refund and was denied one.

That Wersal has not sufficiently alleged an injury, so as to create a case or controversy over which the Court can exercise jurisdiction, is supported by case law. *See, e.g., Klosek v. Am. Express Co.*, 370 F. App'x 761, 763-64 (8th Cir. 2010) (affirming dismissal of claims where plaintiffs failed to allege that the defendant intended to enforce an allegedly illegal non-compete clause); *see also Bernstein v. Extendicare Health Servs., Inc.*, 653 F. Supp. 2d 939, 944 (D. Minn. 2009) (finding plaintiff's claims failed because plaintiff did not plead an injury with a causal nexus to an alleged misstatement). Courts have similarly held that plaintiffs in cases challenging the legality of gift certificate terms must allege an injury associated with attempting to use the certificate. *See, e.g., Alfi v. Nordstrom, Inc.*, Civ. No. 09-1249, 2010 WL 5093434, at *5 (S.D. Cal. Dec. 8, 2010) (holding that plaintiff challenging the font size of an expiration date on a gift certificate lacked standing, in part, because plaintiff did not allege that he tried to redeem the alleged gift certificate and, if so, whether it was rejected or honored); *Shelton v. Restaurant.com Inc.*, Civ. No. 10-0824, 2010 WL 2384923, at *3-4 (D. N.J. June 15, 2010) (holding that plaintiffs lacked standing where they did not allege facts, among others, showing that they attempted to redeem gift certificates).[4]

---

[4]   Wersal argues that if the Court concludes that he has not alleged an injury-in-fact, the Court should "nevertheless defer to Minnesota case law which authorizes standing based on statutory violations," and in light of the Eighth Circuit Court of Appeal's forthcoming opinion in *Charvat v. First Nat'l Bank of Wahoo*, Civ. No. 8:1297, 2012 WL 2016184 (D. Neb. June 4, 2012). (Doc. No. 20 at 14-15.) While a violation of a statute can create a legal right, the Court is not persuaded that Wersal's claims of statutory violations do not require satisfaction of Article III's standing requirement. *See, e.g., Lujan*, 504 U.S. at 577-78; *Bernstein*, 653 F. Supp. 2d at 944.

Because Wersal has failed to plead an actual injury-in-fact, he lacks standing and this case is properly dismissed for the absence of a case or controversy.  LivingSocial argues that dismissal should be with prejudice because Wersal has not suggested that he could plead an actual injury if given an opportunity to amend.  LivingSocial also points out that Wersal already amended his Complaint, after a meet-and-confer during which the parties discussed the basis for LivingSocial's present motion.  Despite submitting an Amended Complaint, Wersal did not include any allegations that he attempted to use his Kafe 421 voucher.  The Court concludes that Wersal's Amended Complaint is properly dismissed with prejudice.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.     LivingSocial's Motion to Dismiss (Doc. No. [7]) is **GRANTED**.

2.     Wersal's Motion to Strike (Doc. No. [13]) is **DENIED AS MOOT**.

3.     Wersal's First Amended Complaint (Doc. No. [6]) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 26, 2013                         s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge