# Class Justice PLLC

*Advocates for the Rights of Individuals*

August 2, 2013

**Via CM/ECF**

The Honorable Donovan W. Frank
United States District Judge
724 Federal Building
316 North Robert Street
St. Paul, MN 55101

      RE:    Request for Reconsideration, *Wersal v. LivingSocial, Inc.*,
              Civil Action No. 0:13-cv-00381-DWF-FLN

Dear Judge Frank:

On behalf of Plaintiff Wersal, I write regarding the Court's July 26, 2013 Memorandum Opinion and Order dismissing his claims with prejudice and the judgment entered therewith.

This Court granted dismissal of Plaintiff's claims based on Article III standing. Plaintiff acknowledges that this fundamental question presented a close call.

Today, the Eighth Circuit issued its decision in the consolidated cases of *Charvat v. Mutual First Credit Union*, No. 12-2790, and *Charvat v. First National Bank of Wahoo*, No. 12-2797. A copy of the opinion is attached to this letter for the Court's convenience. In *Charvat*, the Eighth Circuit reversed the dismissal of plaintiff Charvat's EFTA claims for lack of standing. The Eighth Circuit ruled that a statutory violation of the EFTA which is also a violation of a plaintiff's own personal interest may suffice to establish Article III standing. The Eighth Circuit's ruling in *Charvat* establishes a fundamental change in ruling law on the issue of standing, in the same context as the instant case—the EFTA.[1]

---

[1] The CARD Act, which (among other things) established the prohibition on gift certificate expiration dates of less than two years, was a modification and expansion of the EFTA. The substantive legal remedies claimed by Plaintiff under the CARD Act are established by the same statutory provision as was before the Eighth Circuit in *Charvat*. *See* 15 U.S.C. § 1693(m); *see also Charvat v. Mutual First Credit Union*, No. 12-2790, at 2, 5 (8th Cir. Aug. 2, 2013) (attached).

Class Justice PLLC

Advocates for the Rights of Individuals

Plaintiff therefore requests leave to file a motion for reconsideration of the Court's July 26 Order and entry of judgment, pursuant to Local Rule 7.1(j). The Eighth Circuit's issuance of *Charvat* for publication—an intervening change in controlling law shortly after the entry of the Court's July 26 Order—constitutes compelling circumstances sufficient to justify reconsideration here.

Sincerely,

Paul R. Hansmeier

ATTACHMENT: *Charvat v. Mutual First Credit Union*, No. 12-2790 (8th Cir. Aug. 2, 2013)

CC: All counsel of record (by CM/ECF)